UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:21-CR-64 JD |
| TONYA ROBINSON et al. | |

**OPINION AND ORDER**

Now before the Court is the motion by defendant Albert Smith for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 on Count 9 of the Superseding Indictment.[1] (DE 304.) The Court had previously taken this motion under advisement for supplemental briefing by the Government. For the following reasons, the motion will be denied.

The Court assumes the parties are familiar with the facts of this case. A summary of the factual background is contained in the Court's prior order on this motion.[2] (DE 351.) Nonetheless, the Court will restate a few of the most essential facts. Count 9 of the Superseding Indictment charged Mr. Smith with committing wire fraud, in violation of 18 U.S.C. § 1343, through his use of a cell phone to communicate with Ms. Latassia Burger on August 22, 2018. This transaction was part of a criminal scheme whereby Mr. Smith and his coconspirator, Tonya Robinson, would use their official positions at the Housing Authority of South Bend ("HASB") to pay maintenance contractors for work which was not actually performed and then collect a portion of that payment as a kickback from the contractors.

---

[1] The motion also requested a judgment of acquittal on Count 8. That request has been resolved by a separate order. (DE 351.)

[2] The Court incorporates by reference the analysis and holdings of its prior order.

At trial, Ms. Burger testified she was a maintenance contractor for the HASB, and she did not maintain her own records of work she performed or money she was owed for that work. Instead, Mr. Smith maintained all such records for her and would notify her when she had a check to collect. Ms. Burger also testified that "most of the time or practically all of the time" when she received a check from the HASB, she would convert a portion to cash and deliver it to Mr. Smith. (DE 331 at 48:14–49:10.) Ms. Burger also testified that on August 22, 2018, she received a HASB check, cashed the check at her bank, delivered a portion of the cash to Mr. Smith at the HASB offices, and that she would have communicated with Mr. Smith about those events via cellphone.

### B. Legal Standard

Federal Rule of Criminal Procedure 29(a) governs motions for judgment of acquittal. When a defendant moves for judgment of acquittal under Rule 29, a court must ask whether evidence exists from which any rational trier of fact could find the "essential elements" of the crime beyond a reasonable doubt. *United States v. Garcia*, 919 F.3d 489, 496 (7th Cir. 2019). The movant faces a "nearly insurmountable hurdle" because the Court considers the evidence in the light most favorable to the Government and will grant the motion "only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *Id.*; *United States v. Dewitt*, 943 F.3d 1092, 1096 (7th Cir. 2019) (citing *United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999)) (internal quotations omitted). Thus, a Rule 29 motion is granted only if the record is devoid of evidence from which a jury could find guilt. *See United States v. Jackson*, 5 F.4th 676, 682–83 (7th Cir. 2021).

### C. Discussion

As the Rule 29 inquiry turns on whether there is evidence of the essential elements of the charged crime, it is appropriate to begin with the elements of wire fraud. To establish wire fraud under 18 U.S.C. § 1343, the Government must prove (1) a defendant's participation in a scheme to defraud, (2) his or her intent to defraud, and (3) his or her use of interstate wires in furtherance of the fraud. *United States v. Sheneman*, 682 F.3d 623, 628 (7th Cir. 2012) (citing *United States v. Green*, 648 F.3d 569, 577–78 (7th Cir. 2011)). In this motion, only the third element is in contention. Specifically, Mr. Smith disputes whether the Government has shown the use of interstate wires was in furtherance of the scheme to defraud.

In its prior order, the Court found that the trial evidence showed that this cellphone communication *could* have furthered a crime as it would have instructed Ms. Burger to execute her role in the scheme to defraud. (DE 351 at 16 (citing *United State v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991).) What the Court found lacking, in the then available briefing, was the identification of what evidence supported a reasonable inference that the August 22, 2018, payment to Ms. Burger was for work which wasn't performed. The Court consequently ordered the Government to file a supplemental brief identifying that evidence.

After reviewing this supplemental briefing, the Court finds the Government has identified sufficient evidence to support this element and therefore the motion will be denied. The scheme, as it operated with Ms. Burger, differed slightly from how it worked with the other contractors. Nonetheless, this theory is consistent with the Government's allegations in the Superseding Indictment and the argument presented at trial. Whereas the other contractors would get certain

checks composed entirely of funds for unperformed work[3] and others entirely for performed work, Ms. Burger testified that her checks were a mix of proceeds for performed work and unperformed work. Ms. Burger testified that when she was given a HASB check, the money she kept for herself and left in her bank account was the money she believed she had earned, while the remainder was payment for contractor work she had not performed and she would give that portion to Mr. Smith. (DE 331 at 71:7, 72:11–74:12, 76:17–77:6.) Ms. Burger testified that she was only "getting the money that [she] worked for." (*Id.* at 71:7.) Further, she testified that the money she left in her bank account was the money she believed she had earned. (*Id.* at 76:23.) Additionally, the money she was "owed" by the HASB, and correspondingly left in her bank account, was different from the portion of the HASB checks she would deliver in cash to Mr. Smith, which was payment for work not performed. (*Id.* at 76:17–22.)

This is sufficient evidence for the jury to infer that the money Ms. Burger received but returned to Mr. Smith was for unperformed contractor work, consistent with the scheme to defraud. Ms. Burger clearly indicated she did not believe she was entitled to that money from her contractor work at the Housing Authority. This is consistent with the Government's overall theory of the case. That theory was that contractors received money for unperformed work and returned at least a portion to the leaders of the conspiracy. Here, Ms. Burger accepted money from the Housing Authority which she did not believe she had earned and then presented that money, in cash, to Mr. Smith.

As such, the Government has proffered sufficient evidence for the jury to find the elements of wire fraud beyond a reasonable doubt. There was evidence for the jury to infer that

---

[3] I.e., the entire check was payment for a single invoice only describing work on an apartment which was never performed.

4

Mr. Smith's cellphone communication on August 22, 2018, to Ms. Burger, was for the purpose of instructing her how to commit her role in the conspiracy. The instruction directed her to collect a HASB check, take it to the bank, then deposit and retain the portion which she had earned from work performed at the HASB. Then she was to return the remaining portion of the paycheck, which was for unperformed work, in cash to Mr. Smith.

Accordingly, Mr. Smith's motion for a judgment of acquittal on Count 9 is DENIED. (DE 304.)

SO ORDERED.

ENTERED: March 21, 2024

_____/s/ JON E. DEGUILIO_____
Judge
United States District Court